IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL HARGROVE, | : | |
| Plaintiff | : | |
| VS. | : | NO. 5:09-CV-251 (CAR) |
| Warden ROBERTS, D. FRAZIER, | : | **ORDER** |
| Defendants | : | |

Plaintiff **DANIEL HARGROVE**, an inmate at Hancock State Prison in Sparta, Georgia, has filed a document that has been docketed as a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that

the act or omission was committed by a person acting under color of state law.  *Id.*

### III.  *STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff complains that Jo Hundin (not named as a defendant in the heading of plaintiff's handwritten one-page complaint) has denied him the right to "explore the grievance system up to the appeal process."  Plaintiff states that he has "many times warned the Court" about these grievance process violations.  Plaintiff alleges that the staff at Hancock State Prison does not honestly file and process his grievances.  Plaintiff's requested relief is that the Court "grant him leave to file" additional 42 U.S.C. § 1983 actions without requiring that he first present his complaint to the institution as a grievance.

Plaintiff's action must be dismissed as frivolous.  The Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures.  *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989).  Therefore, a prison officials' failure to process, investigate, or respond to a grievance is not actionable under 42 U.S.C. § 1983.

Moreover, the Court cannot grant plaintiff the relief he requests.  Exhaustion, under the Prison Litigation Reform Act ("PLRA"), is a pre-condition to suit.  Therefore, the Court cannot simply waive this requirement for all of plaintiff's future § 1983 actions on the basis of plaintiff's assertion that staff at Hancock State Prison fail to file and process his grievances in an honest fashion.  *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)(holding that when exhaustion is a statutorily specified jurisdictional prerequisite, "the requirement . . . may not be dispensed with merely by a judicial conclusion of futility.").  42 U.S.C. 1997e(a) requires plaintiff to submit his claims for relief to the available prison grievance program, even if the relief offered by that program does not appear to be "plain, speedy, and effective," before filing those claims in federal court. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

For these reasons, plaintiff's action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.[1]

**SO ORDERED**, this 23rd day of July, 2009.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb

---

[1] Plaintiff's motion for appointment of counsel (R. at 2) is **DENIED**.